FkeemaN, J.,
delivered the -opinion of the court:
This is an indictment for encouraging gaming, under sec. 4871 of the Code [Shannon’s Code, sec. 6805]. The charge, substantially, is, that the defendant “unlawfully did encourage and promote gaming on a certain gaming device, called a ‘Wheel of Fortune,’ by permitting, allowing, and licensing- the before-named gaining device, on which money was wagered within the inclosure of the fair grounds of the agricultural and mechanical association in the county of Madison, ihe defendant being one of the directors.”
The presentment was quashed, and the state appealed.
This statute, with all -others for suppression of gaming, is to be construed as a remedial and not as a penal statute, by requirement of other sections of the Code — that is, it is to be construed liberally, so as, if possible, to reach and suppress the evil. We think the charge is sufficient under this ride. The defendant is charged with promoting and encouraging gaming, by permitting, allowing, and licens *130 ing this gaming’ device within the inclosure oí the fair grounds, he being a director oí the association. A party who licenses another, grants a right to do the thing* licensed, and, therefore, authorizes the act done. To1 allow and license a gaming device on one’s property can only mean that it was so licensed to be used as such device, and to do this is to encourage and promote gaming under this statute. If it was allowed or licensed for any other purpose, and then used contrary to this purpose, this would be a matter of defense.
Let the case be reversed, and remanded for trial.